1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER LEE COLE,                        No. 08 CV 2318 JCW

12          Plaintiff,                       ORDER

13      vs.

14   D.K. SISTO, et al.,

15          Defendants.

16   _____

17   /

18

19          Cole, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

20   U.S.C. § 1983.  He has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

21   § 1915.  Cole names as defendants: (1) D.K. Sisto, individually and in his official capacity as

22   Warden of the California State Prison-Solano (CSP-Solano); (2) V. Singh, individually and in his

23                                          1

official capacity as Associate Warden of CSP-Solano; (3) Captain J. Neuhring, individually and in

his official capacity as a correctional officer at CSP-Solano; (4) Lieutenant M. Chirilia,

individually and in his official capacity as a correctional officer at CSP-Solano; (5) Sergeant

Barocio, individually and in his official capacity as a correctional officer at CSP-Solano;

(6) V. Cuevas, individually and in his official capacity as a correctional officer at CSP-Solano;

(7) Lieutenant R. Samms, individually and in his official capacity as a correctional officer at CSP-

Solano; (8) R. Mahoney, individually and in his official capacity as a correctional officer at CSP-

Solano; (9) Sergeant McLain, individually and in his official capacity as a correctional officer at

CSP-Solano; and (10) "John or Jane Doe," individually and in his or her official capacity as

Director of the California Department of Corrections.

Pursuant to 28 U.S.C. § 1915(e)(2), I am required to dismiss a case at any time if, *inter alia*, I determine that the action fails to state a claim on which relief may be granted. *Id.* § 1915(e)(2)(B)(ii). I conclude that Cole's complaint fails to state a claim on which relief may be granted, and that none of the claims can be saved by amendment. Therefore, Cole's complaint is DISMISSED with prejudice, and his motion to proceed *in forma pauperis* is accordingly DENIED as moot.

# I.

In his complaint, Cole states that on February 14, 2007, he was disciplined for disobeying the order of a correctional officer when he refused to "double-cell," *i.e.*, accept a cell assignment where he would have to share a cell with another inmate. He was issued a Rules Violation Report (RVR), which documented his misconduct. *See* Cal. Code Regs. tit. 15 § 3312(a)(3). This RVR ultimately resulted in forfeiture of some of Cole's time credits, and added points to his

classification score, which is used in making decisions about the level of security control an inmate requires.  *See* Cal. Code Regs. tit. 15 § 3375(d).

Cole received another RVR on July 25, 2007, for disobeying the order of a correctional officer by again refusing to double-cell.  This resulted in another forfeiture of credits and the imposition of additional points.

Cole received a third RVR, dated December 3, 2007, for again refusing an officer's order to double-cell; this resulted in a forfeiture of credits and the imposition of additional points, as well as 30 days' loss of certain yard privileges and 90 days' loss of certain canteen privileges.

Cole asserts that he was disciplined pursuant to a policy contained in an April 25, 2003 memorandum issued by the California Department of Corrections Memorandum DD58-03 (Memo DD58-03), which provides that, with certain exceptions not at issue here, "[i]t is departmental policy and therefore the expectation that inmates double-cell and accept housing assignments as directed by staff."  Memo DD58-03 also authorizes prison officials to issue RVRs to inmates who refuse to double-cell.

Cole states that Memo DD58-03 is an invalid "underground regulation" because it was adopted without compliance with the procedures in California's Administrative Procedures Act (APA).  Cole further asserts that Memo DD58-03 was adopted by CSP-Solano and incorporated into certain of CSP-Solano's own institutional policies and documents; he argues that, because Memo DD58-03 is invalid, all of the CSP-Solano documents derived therefrom, and any discipline imposed on him in connection with his refusal to double-cell, are likewise invalid.

Cole argues, based on the above facts, that he has suffered a violation of his rights under: (1) the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the Equal

1 Protection Clause; (3) the Double Jeopardy Clause; (4) the Ex Post Facto Clause; and (5) the Due

2 Process Clause.  His complaint fails to state a claim cognizable under 42 U.S.C. § 1983 under any

3 of those constitutional protections.

4 **II.**

5      In determining whether a complaint states a claim, I must take all allegations of material

6 fact as true and construe them in the light most favorable to the plaintiff.  *Fed'n of African Am.*

7 *Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  A complaint fails to state a

8 claim upon which relief may be granted if a plaintiff fails to allege sufficiently the grounds of his

9 entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *see also Ashcroft v.*

10 *Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint).  "[B]are assertions . . .

11 amount[ing] to nothing more than a 'formulaic recitation of the elements'" of a claim are not

12 entitled to be assumed true.  *Iqbal*, 129 S. Ct. at 1951, quoting *Twombly*, 550 U.S. at 555.  When

13 a complaint raises an arguable question of law that is ultimately resolved against the plaintiff,

14 dismissal for failure to state a claim upon which relief may be granted is proper.  *Neitzke v.*

15 *Williams*, 490 U.S. 319, 328 (1989).

16 **A.**

17      As to Cole's Eighth Amendment claim, that amendment does not protect inmates from

18 conditions of confinement that are "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S.

19 337, 347 (1981).  A prison official violates the Eighth Amendment only when (1) the deprivation

20 is "sufficiently serious" so as to result in the denial of "the minimal civilized measure of life's

21 necessities," and (2) the official has a "sufficiently culpable state of mind."  *Farmer v. Brennan*,

22 511 U.S. 825, 834 (1994).  Here, to the extent Cole is alleging that it is unconstitutional to force

23

4

1  him to share a cell with another, such claims fail for two separate reasons.  First, Cole never

2  alleges that he was actually subjected to double-celling; indeed, the gravamen of his complaint is

3  that he was disciplined for *refusing* to double-cell.  Therefore, he lacks standing to assert claims

4  arising out of any alleged adverse conditions of confinement caused by the practice of double-

5  celling, since he was not actually subjected to the practice.  Second, the Supreme Court has held

6  that double-celling does not *per se* constitute cruel and unusual punishment where it does not

7  "lead to deprivations of essential food, medical care, or sanitation" or "increase violence among

8  inmates or create other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.

9  Cole does not even attempt to argue that double-celling led to such intolerable conditions at CSP-

10  Solano.  Likewise, he does not allege that double-celling would have posed a threat to his safety.

11  *Compare Farmer*, 511 U.S. at 837 (prison official shows deliberate indifference in violation of the

12  Eighth Amendment in placing a prisoner in the general prison population, if the prison official

13  knew that the inmate would face a substantial risk of serious harm, and disregarded that risk).  To

14  the extent that he argues that the particular forms of discipline imposed on him in connection with

15  the RVRs (the forfeiture of time credits, the adding of points to his classification score, or the

16  temporary loss of certain yard and canteen privileges) was so harsh as to be cruel and unusual,

17  such a claim is plainly frivolous.

18  **B.**

19  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that

20  the defendant acted with an intent or purpose to discriminate against him based upon his

21  membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

22

23

1  Cole does not suggest that he was subjected to double-celling or to discipline on the basis of his

2  membership in any protected class.

3                                          **C.**

4          The Double Jeopardy Clause "protects against multiple punishments for the same

5  offense." *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980), quoting *North Carolina v.*

6  *Pearce*, 395 U.S. 711, 717 (1969).  But it "does not prohibit the imposition of all additional

7  sanctions that could, in common parlance, be described as punishment. . . . The Clause protects

8  only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v.*

9  *United States*, 522 U.S. 93, 98-99 (1997) (internal quotation marks and citations omitted).  Here,

10  Cole neither alleges that he has suffered any additional punishment for the original crime for

11  which he was convicted, nor that he incurred punishment of a criminal nature as a result of the

12  RVRs.

13                                          **D.**

14          The Ex Post Facto Clause prohibits laws that retroactively increase the penalty for a

15  crime.  *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  "A law violates the Ex Post

16  Facto Clause if it is 1) retroactive – it applies to events occurring before its enactment . . ., and

17  2) detrimental – it produces a sufficient risk of increasing the measure of punishment attached to

18  the covered crimes." *Brown v. Palmateer*, 379 F.3d 1089, 1093 (9th Cir. 2004) (internal

19  quotation marks and citations omitted).  Cole does not allege that he was subjected to any rule or

20  law that was applied retroactively to events that occurred before it was enacted; in short, he

21  alleges no facts that raise even the specter of an Ex Post Facto violation.

22                                          **E.**

23                                          6

Finally, Cole asserts that the imposition of discipline pursuant to Memo DD58-03 violates his due process rights, because Memo DD58-03 is an invalid underground regulation that was adopted in violation of the APA. However, even if he is correct that he was disciplined pursuant to an underground regulation, he does not state a claim under 42 U.S.C. § 1983.

It is true that California law provides that no state agency may issue, utilize or enforce a rule that constitutes a "regulation" unless the rule has been adopted as a regulation using the procedures required by the APA. Cal. Gov't Code § 11340.5(a); *see also* Cal. Gov't Code §§ 11346-11348 (prescribing procedures for adoption of regulations, including procedures for public notice and public discussion of proposed regulations). A "regulation" is any "rule, regulation, order, or standard of general application . . . adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure." Cal. Gov't Code § 11342.600; *see also* Cal. Code Regs. tit. 1 § 250(a) (defining an "[u]nderground regulation" as "any guideline, criterion, bulletin, manual, instruction, order, standard of general application, or other rule . . . that is a regulation as defined in Section 11342.600 of the Government Code, but has not been adopted as a regulation and filed with the Secretary of State pursuant to the APA and is not subject to an express statutory exemption from adoption pursuant to the APA").

Cole attaches to his complaint documentation showing that Memo DD58-03 was the subject of a February 5, 2007 decision by the California Office of Administrative Law (OAL). The OAL is authorized to issue determinations as to whether a given agency instruction or other rule constitutes a "regulation" that must be adopted pursuant to the APA. Cal. Gov't Code §§ 11340.2, 11340.5. According to Cole's complaint, the OAL concluded that Memo DD58-03

1  was an "underground regulation," *i.e.*, a regulation that should have been, but was not, adopted

2  pursuant to the APA.

3      An OAL determination that an agency is using an underground regulation in violation of

4  the APA is not binding on courts, although it is entitled to deference.  *People v. Medina*, 89 Cal.

5  Rptr. 3d 830, 837 (Cal. Ct. App. 2009).  For purposes of this order, however, I need not decide

6  whether the OAL's determination was correct.  Even assuming *arguendo* that Memo DD58-03

7  was indeed a regulation enacted in violation of the APA, Cole cannot state a due process claim for

8  relief under 42 U.S.C. § 1983.

9      The guarantees of federal due process apply only when a constitutionally-protected liberty

10  or property interest is at stake.  *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).  The Court

11  of Appeals for the Ninth Circuit has held that a plaintiff cannot, as a matter of law, state a due

12  process claim under 42 U.S.C. § 1983 based solely on the fact that the plaintiff was subjected to a

13  rule that is invalid under state law.  In *Lone Star Security & Video, Inc. v. City of Los Angeles*,

14  the plaintiff complained that its vehicles were towed pursuant to a city ordinance that the plaintiff

15  contended was preempted by state law.  584 F.3d 1232, 1233 (9th Cir. 2009). The Court of

16  Appeals held that, even if the ordinance was preempted and therefore invalid, that did not make

17  out a due process violation so as to state a section 1983 claim. *Id.* at 1235-37.  *Lone Star* held

18  that the general rule "that state constitutions are 'not taken up into the 14th Amendment' such

19  that federal courts may strike down a statute as invalid under state law."  *Id.* at 1237, citing

20  *Pullman Co. v. Knott*, 235 U.S. 23, 25 (1914).  *Lone Star* also relied on *White Mountain Apache*

21  *Tribe v. Williams*, 810 F.2d 844, 850 (9th Cir. 1985), which held that plaintiffs who had been

22

23

1    required to pay taxes under a state statute that was later determined to be preempted by federal

2    law did not have a due process claim cognizable under section 1983.

3          *Lone Star* then analyzed the plaintiffs' claims under the usual rubric of due process.  It

4    held that the city ordinance of which the plaintiffs complained "does not interfere with one of the

5    fundamental rights or liberty interests that enjoy heightened protection against government

6    interference under the substantive component of the due process clause," and did not represent

7    "an abuse of power lacking any reasonable justification in the service of a legitimate governmental

8    objective." *Lone Star*, 584 F.3d at 1236 (internal quotation marks omitted).  Likewise here,

9    Memo DD58-03 does not interfere with any fundamental right to be free of a cellmate while in

10   prison, and it clearly is justifiable in the service of legitimate governmental objectives.  *Lone Star*

11   also held that plaintiffs could not "make out a colorable *procedural* due process claim simply by

12   asserting that [the ordinance of which they complained] contravenes state law."  *Id.*  It rejected

13   the notion that simply because a rule is invalid under state law, it necessarily fails to provide

14   sufficient notice to satisfy procedural due process.  *Id.*  Rather, *Lone Star* said that the relevant

15   question was whether the ordinance had been enacted in a way that provided sufficient notice by

16   "affording those within the statute's reach a reasonable opportunity both to familiarize themselves

17   with the general requirements imposed and to comply with those requirements."  *Id.* at 1237.  The

18   plaintiffs in *Lone Star* had not suggested that the ordinance was faulty in that respect.  *Id.*

19   Likewise, here, Cole has not suggested that Memo DD58-03 was faulty in any way other than

20   that it did not comply with the APA; that alone is insufficient to state a due process claim.

21          "States may under certain circumstances create liberty interests which are protected by the

22   Due Process Clause. . . . But these interests will be generally limited to freedom from restraint

23

which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Mitchell v. Dupnik*, 75 F.3d 517, 522-23 (9th Cir. 1996).  Here, the only hardship of which Cole complains is that he has been subjected to a rule that he says is invalid under state law.  As *Lone Star* makes clear, that alone is insufficient to make out a claim for relief under section 1983.

### III.

District courts are "only required to grant leave to amend if a complaint can possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  A court may dismiss an *in forma pauperis* complaint with prejudice when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).  Here, the sole focus of Cole's complaint is his position that Memo DD58-03 violates the APA.  Even if that position is correct as a matter of state law, he is entitled to no relief under section 1983, and no set of facts could be pleaded that would change that deficiency.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Cole's complaint is dismissed with prejudice.

2. Cole's request for leave to proceed in forma pauperis is denied as moot.

DATED:       June 4, 2010                   /s/ J. Clifford Wallace
                                            J. Clifford Wallace
                                            United States Circuit Judge

10